686 A.2d 765

DANIEL COLLINS, PLAINTIFF–RESPONDENT, v. MICHAEL
ALBRO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 28, 1996—Decided November 8, 1996.

Before Judges LANDAU and KIMMELMAN.

*Jorge Aviles,* attorney for appellant.

*O'Boyle, DaManti & Lynch,* attorneys for respondent (*Stephen B. McNally,* of counsel and on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Plaintiff Daniel Collins, owner of a small Jersey City apartment house, filed a Law Division action in lieu of prerogative writ to challenge a decision of the Jersey City Rent Leveling Board (Board) which determined that $367.39, rather than $450 per month, should be the rental paid by defendant Michael Albro as of March 1, 1994, and that appropriate refund be made. The Law Division judge reversed the Board's determination as arbitrary, ruling that $450 was a legal rent under the local rent-leveling ordinance. Albro appeals.

The critical issue is whether the judge correctly read Section 13–134 of the Jersey City Rent Leveling Ordinance to apply to Albro under the agreed facts.

As amended effective to claims accruing on or after January 1, 1987, Section 13–134 provides in pertinent part:

(a) Any complaint of an illegal increase or claim to lower rentals must be filed with the Office of Rent Leveling no later than *two (2) years* ~~six (6) months~~ after the effective date of the disputed increase. *This limitations period shall apply to all claims accruing on or after January 1, 1987.*

(b) Payment of rental increases for ~~six (6) consecutive months~~ *two consecutive years* shall be construed to be an agreed increase and not subject to the provisions of this Article except that in the event the Board determines that the landlord has not served upon the tenant the Rental Statement set forth in Section 13–123(1), the Board shall waive the ~~six (6) month~~ *two (2) year* ~~Statute of~~ Limitations *period.*

Albro leased his apartment from a prior owner of the building on March 1, 1992 at a monthly rental of $450. We find no sound basis to dispute findings that the prior tenant had been paying a $450 monthly rental for more than two years prior to inception of Albro's tenancy, and that each of them had been served with the appropriate rental statement required by Section 13–123(1) of the Rent Leveling ordinance and was thus on notice of the amount of prior rents. Collins purchased the building about one year after

Albro's tenancy commenced, obviously relying upon the rent roll which included the Albro apartment's $450 rent.

■ Judge Moser ruled that the plain language of the ordinance was clear; a complaint must be filed within two years of the effective date of the disputed increase. He noted that nothing in the ordinance grants a fresh two year objection period to each new tenant. Our review of the ordinance confirms that analysis, particularly in light of the 1987 extension of the limitations period from six months to two years.

■ We find no reliable basis in the record to support Albro's argument that this reading of the ordinance reverses a "decades old" administrative interpretation of Section 13–134. In any event, interpretation is not required where the language of a statute or ordinance is clear.

Moreover, our literal reading of the limitations section does not conflict with the purpose of the ordinance. In adopting a limitations clause, the city evidently recognized the importance of balancing rent control problems arising from the shortage of housing stocks with the need for repose in fixing property values for purposes such as taxation, mortgage financing, and other legitimate business decisions. We see no clear enunciation of a policy to require a rental, once vested, to be rolled back and recalculated upon the advent of a new tenant, particularly where that tenant has been notified of the rent (here, $450) *lawfully* charged to the preceding tenant. If such a policy is to be adopted, it should be legislated by ordinance, and not imposed by judicial "interpretation".

Affirmed.